UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


WILLIAM S. TOWNSEND,

                    Plaintiff,


vs.                                 Case No.  2:05-cv-439-FtM-99DNF


UNITED   STATES   DEPARTMENT   OF
AGRICULTURE, MIKE JOHANNS in his
official capacity as  Secretary of
the  United  States  Department  of
Agriculture,  USDA  FARM  SERVICES
AGENCY, KENDAL B. HICKS, REGINA D.
HICKS,

                    Defendants.
_____


**OPINION AND ORDER**

_____This matter comes before the Court on Defendants Kendal B.

Hicks and Regina D. Hicks' Motion to Dismiss Amended Complaint

(Doc. #27), filed on May 22, 2006.  Plaintiff's Response (Doc. #28)

was filed on June 9, 2006.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must

accept all factual allegations in a complaint as true and take them

in the light most favorable to plaintiff.  Christopher v. Harbury,

536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th

Cir. 2003).  A complaint should not be dismissed unless it appears

beyond doubt that plaintiff can prove no set of facts that would

entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

(footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*).   To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.   Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).   Federal notice pleading "requires that a complaint contain inferential allegations from which [a court] can identify each of the material elements necessary to sustain a recovery under some viable legal theory."   Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001), cert. denied, 534 U.S. 1129 (2002).   Dismissal is warranted however if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief.   Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).   The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint.   Marsh, 268 F.3d at 1036 n. 16.

Standing is an issue of justiciability which is a component of a federal court's subject matter jurisdiction analysis.   Florida Pub. Interest Research Group Citizen Lobby, Inc., 386 F.3d 1070, 1082 (11th Cir. 2004).   Motions which raise the lack of standing attack the court's subject matter jurisdiction, and are therefore considered pursuant to Rule 12(b)(1).   Doe v. Prior, 344 F.3d 1282, 1284 (11th Cir. 2003); Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001); Region 8 Forest Serv. Timber Purchasers v.

Alcock, 993 F.2d 800, 807 n.8 (11th Cir. 1993).  The conversion feature of Rule 12(b) does not apply to a jurisdictional motion, so summary judgment is not appropriate.  Region 8, 993 F.2d at 807 n.8; Goodman, 259 F.3d at 1331 n.6.

Rule 12(b)(1) motions challenging the subject matter jurisdiction of the court come in two forms:  a "facial" attack and a "factual" attack.  Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003).  A facial attack challenges subject matter jurisdiction based on the allegations in the complaint, and the court takes the allegations in the complaint as true in deciding the motion.  Morrison, 323 F.3d at 924 n.5.  The complaint may be dismissed for a facial lack of standing only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1536 n.5 (11th Cir. 1994) (citation omitted).  It is still plaintiff's responsibility to allege facts sufficient to establish his standing, and the Court cannot "speculate concerning the existence of standing, nor should we imagine or piece together an injury sufficient to give plaintiff standing when it has demonstrated none."  Miccosukee Tribe of Indians of Fla. v. Florida State Athletic Comm'n, 226 F.3d 1226, 1229-30 (11th Cir. 2000); see also Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001).[1]  Thus, the facial attack standard is

---

[1]Standing always remains an open issue.  Florida Pub. Interest
(continued...)

similar to the Rule 12(b)(6) standard. <u>O'Halloran v. First Union</u> <u>Nat'l Bank of Fla.</u>, 350 F.3d 1197 (11th Cir. 2003)(addressing standing under Rule 12(b)(6)); <u>Doe</u>, 344 F.3d at 1284-85.

When a court considers a Rule 12(b)(1) dismissal of a case on a factual challenge to subject matter jurisdiction, the court may consider facts outside the pleadings such as testimony and affidavits as long as the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action. <u>Morrison</u>, 323 F.3d at 924-25; <u>Goodman</u>, 259 F.3d at 1331 n.6

The label placed on the motion is not determinative. <u>Troiano</u> <u>v. Supervisor of Elections</u>, 382 F.3d 1276, 1278 n.2 (11th Cir. 2004). In any event, the court has an independent obligation to examine its jurisdiction. <u>Florida Public Interest Research Group</u> <u>Citizen Lobby, Inc.</u>, 386 F.3d at 1082.

## II.

In order to establish standing, a plaintiff must adequately allege, and ultimately prove, three elements: (1) that he has suffered an "injury-in-fact;" (2) a causal connection between the asserted injury-in-fact and the challenged conduct of the defendant; and (3) that the injury likely will be redressed by a favorable decision. <u>Shotz</u>, 256 F.3d at 1081 (citing <u>Lujan v.</u>

---

[1](...continued)
<u>Research Group Citizen Lobby, Inc. v. EPA</u>, 386 F.3d 1070, 1083 (11th Cir. 2004); <u>Wilson v. State Bar of Ga.</u>, 132 F.3d 1422, 1427 (11th Cir. 1998); <u>Church v. City of Huntsville</u>, 30 F.3d 1332, 1336 (11th Cir. 1994); <u>Harris v. Evans</u>, 20 F.3d 1118, 1121 n.4 (11th cir. 1994).

Defenders of Wildlife, 504 U.S. 555, 560 (1992)). These requirements are the "irreducible minimum" required by the Constitution for a plaintiff to proceed in federal court. Vermont Agency of Natural Resources v. United States, 529 U.S. 765, 771 (2000); Northeastern Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 664 (1993).

In addition, a plaintiff seeking declaratory or injunctive relief lacks standing unless he alleges facts giving rise to an inference that he will suffer future harm by the defendant. Shotz, 256 F.3d 1081. "A plaintiff has standing to seek declaratory or injunctive relief only when he alleges facts from which it appears there is a substantial likelihood that he will suffer injury in the future." Bowen v. First Family Fin. Servs., Inc., 233 F.3d 1331, 1340 (11th Cir. 2000)(quotation and citations omitted).

Defendants assert that plaintiff lacks standing to bring his lawsuit. The Court finds that the Amended Complaint (Doc. #16) sufficiently alleges facts which, at this stage of the proceedings, satisfy the standing requirements. See paragraphs 16-18, 28-44.

### III.

Defendants also argue that the court lacks subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies. The Amended Complaint alleges that plaintiff was not required to exhaust administrative remedies. (Doc. #16, ¶ 64.) While this may ultimately prove to be inaccurate, it is sufficient at this stage of the proceedings to defeat a motion to dismiss.

Finally, defendants argue that the Amended Complaint fails to state a claim upon which relief can be granted because the sale of the property was not in contravention of the Agricultural Credit Act.  Again, while that may ultimately prove correct, the allegations of the Amended Complaint sufficiently allege a violation.  At this stage of the proceedings, viewing the allegations in the light most favorable to plaintiff, a claim is stated.

Accordingly, it is now

**ORDERED:**

Defendants Kendal B. Hicks and Regina D. Hicks' Motion to Dismiss Amended Complaint (Doc. #27) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of January, 2007.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

-6-